UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY

CASE NO.: 0:16-cv-60390

JM YACHT, INC.,

    Plaintiff,

vs.

S/V ARQUIMEDES, a 72' Jongert
sailing vessel, her engines, tackle,
equipment, apparel, appurtenances,
etc., *in rem,*

    Defendant.
_____/

## **VERIFIED COMPLAINT**

Plaintiff, JM YACHT, INC. (hereinafter, "JM YACHT"), by and through its undersigned counsel, hereby files this Verified Complaint in Admiralty against S/V ARQUIMEDES, a 72' Jongert sailing vessel, (hereinafter referred to as, "S/V ARQUIMEDES" and "vessel") *in rem,* and alleges as follows:

1.    This is a cause within the admiralty and maritime jurisdiction of this Honorable Court founded upon Article III of the United States Constitution and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and further pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 31342, as this is an action *in rem* to enforce a maritime lien for necessaries and breach of maritime contract.

2.    The Plaintiff, JM YACHT, is a corporation organized under the laws of the State of Florida, and at all times material hereto was doing business as a marina and vessel repair facility in Broward County, Florida. Plaintiff's principal address and place of business, its

residence, its office for transaction of its customary business, and its established place of business is in Broward County, Florida.

## GENERAL FACTS AND ALLEGATIONS

3.  The owners of the S/V ARQUIMEDES and/or its authorized agent contracted with JM YACHT to repair the S/V ARQUIMEDES and to render associated and additional materials and services, including but not limited to installation of a generator, vessel cleaning, plumbing for grey and black water systems, installation and removal of blower system, and associated fees and charges, as outlined in an Invoice, attached hereto as **Exhibit "A."**

4.  JM YACHT provided services and materials to the credit of S/V ARQUIMEDES, as agreed and as outlined in the Invoice (**Exhibit "A"**).

5.  JM YACHT has repeatedly demanded payment for its outstanding charges for the services and materials to the credit S/V ARQUIMEDES, which presently totals $27,988.88.

6.  The owners of the vessel and/or its authorized agents have failed to pay any of the amount presently due and owing of $27,988.88 to JM YACHT for the services and materials furnished to the S/V ARQUIMEDES as agreed and as outlined in the Invoice, despite numerous demands by JM YACHT.

7.  Further, as a result of S/V ARQUIMEDES' failure to pay JM YACHT, JM YACHT has suffered the loss of and profits that would otherwise be used by JM YACHT to generate business and income for servicing other vessels.  These damages continue to accrue on a daily basis;

8.  All materials and services provided by JM YACHT to the credit of S/V ARQUIMEDES, as agreed and as outlined in the Invoice (**Exhibit "A"**) were provided in Broward County, Florida.

9. The owners of the vessel and/or its authorized agents agreed to be make all payments to JM YACHT at its location and principal place of business in Broward County, Florida.

10. The owners of the vessel and/or its authorized agents have previously paid JM YACHT at its facility in Broward County for other services.

11. The Defendant vessel, S/V ARQUIMEDES, is presently located at Broward Shipyard's facility at Dania Beach, Florida and is within the Southern District of Florida and the jurisdiction of this Court.

12. All causes of action and damages for this case accrued in Broward County, Florida.

13. This Court has proper subject matter jurisdiction to hear this case.

14. This Court has proper personal jurisdiction over the parties of this case.

15. Venue for this civil action is proper in the Southern District of Florida - Fort Lauderdale Division.

16. All conditions precedent to bringing this case have been satisfied, waived or excused.

## COUNT I
## CLAIM FOR ENFORCEMENT OF LIEN FOR
## NECESSARIES AGAINST THE S/V ARQUIMEDES, *in rem*

17. JM YACHT reaffirms and re-alleges paragraph numbers 1 through 20 as though fully incorporated herein, and further alleges:

18. JM YACHT has a maritime lien against the S/V ARQUIMEDES for the necessaries provided to the vessel in the amount of $27,988.88 and is entitled to foreclosure upon the lien and have the boat sold to satisfy its lien.

19. 46 U.S.C. §31342 states that,

>  (a) . . . a person providing necessaries to a vessel on the order of the owner . or a person authorized by the owner--
> (1) has a maritime lien on the vessel;
> (2) may bring a civil action in rem to enforce the lien; and
> (3) is not required to allege or prove in the action that credit was given to the vessel.

20. The term "'necessaries' includes repairs, supplies, towage and the use of a dry dock or marine railway." 46 U.S.C.A. *§* 31301(4).

21. The word "includes" in this definition was not intended to be exhaustive. *Bradford Marine, Inc. v. MIV Sea Falcon,* 64 F.3d 585, 589 (11th Cir. 1995). The term has been liberally construed to include " 'what is reasonably needed in the ship's business,' " *J Ray McDermott & Co. v. Off-Shore Menhaden Co.,* 262 F.2d 523, 525 (5th Cir.1959) (quoting *The Penn,* 273 F. 990, 991 (3d Cir.1921)), such as "goods or services that are useful to the vessel, keep her out of danger, and enable her to perform her particular function. Necessaries are the things that a prudent owner would provide to enable a ship to perform well the functions for which she has been engaged." *Equilease Corp. v. MIV Sampson,* 793 F.2d 598, 603 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 984 (1986); *Payne v. SS Tropic Breeze,* 423 F.2d 236, 241 (1st Cir.) ("The appropriate test ... is whether the goods or services in question were necessary to the continued operation of the vessel."), *cert. denied,* 400 U.S. 964 (1970).

22. The materials and services provided by JM YACHT, as shown in the Invoice (**Exhibit "A"**) for $27,988.88, for which JM YACHT has not been paid, including but not limited to the repair and maintenance of the vessel and related services, constitute "necessaries" furnished to for the vessel, M/Y "DESLIZE", on the order of the vessel's owner and/or the owner's authorized agents under 46 U.S.C. *§* 31342.

23. The materials and services provided to the vessel by JM YACHT are necessary for the continued operation of the vessel.

24. The price of $27,988.88, for the maintenance and repair rendered to the vessel maintenance and repair is due and owing and is fair and reasonable.

25. JM YACHT therefore has a lien against the vessel, S/V ARQUIMEDES, for $27,988.88, for the value of the necessaries furnished to it, and is entitled to foreclose on the lien and have the vessel condemned and sold to satisfy its lien.

26. JM YACHT is entitled to a judgment for the $27,988.88, plus additional fees for the vessel's continued dockage, storage and maintenance and which continue to accrue on a daily basis, the value of materials and services provided to the S/V ARQUIMEDES, which remain unpaid, to have the vessel arrested and foreclose on the lien in accordance with the law, and that the vessel be condemned and sold in payment of the amount due and all other such sums owed.

WHEREFORE, Plaintiff, JM YACHT, respectfully requests the Court:

a. Issue a warrant for the arrest of Defendant vessel, S/V ARQUIMEDES , citing it and all persons claiming any interest therein to appear and answer under oath the matters aforesaid;

b. Order that JM YACHT has a maritime lien upon the S/V ARQUIMEDES for $27,988.88 for necessaries furnished to the vessel as described herein and that such lien is superior to the interest, liens and/or claims of any and all persons, firms or corporations whatsoever;

c. Enter judgment for JM YACHT and against Defendant vessel, S/V ARQUIMEDES, *in rem,* for $27,988.88 for necessaries furnished to the vessel as described, herein, plus costs, *custodia legis* fees, and pre and post-judgment interest;

     d.     Order that S/V ARQUIMEDES be condemned and sold to pay said judgment and all other such sums owed;

     e.     Order that JM YACHT be permitted to bid its judgment against the S/V ARQUIMEDES at a U.S. Marshal's sale; and

     f.     Grant such other relief as deemed just and proper under the circumstances.

## COUNT II
## BREACH OF CONTRACT AGAINST THE *MN* DESLIZE, *in rem*

27.     JM YACHT reaffirms and re-alleges paragraph numbers 1 through 20 as though fully incorporated herein, and further alleges:

28.     Plaintiff, JM YACHT has an oral maritime contract for ongoing repairs and maintenance as memorialized by the invoices rendered to the vessel and its owner which are attached as **Exhibit "B."**

29.     JM YACHT contracted with the vessel and its owners (through the captain of the vessel, its agent) to provide repairs and maintenance to the S/V ARQUIMEDES, including the installation of a generator and other items on the vessel.

30.     S/V ARQUIMEDES, through its owners and/or its authorized agents, agreed to pay JM YACHT for its services rendered and parts and materials provided to the vessel.

31.     JM YACHT fully performed the agreed upon services and repairs to the S/V ARQUIMEDES.

32.     After JM YACHT completed the services, repairs, and maintenance to the S/V ARQUIMEDES, it demanded payment for services rendered and parts provided as outlined in **Exhibit "A."**

33. S/V ARQUIMEDES has materially breached its contract with JM YACHT (Ex. 1) by failing to pay JM YACHT the amount due and owing of $27,988.88 despite demands made by JM YACHT.

34. As a direct and proximate result S/V ARQUIMEDES' breach of its contractual agreement with JM YACHT, JM YACHT remains unpaid for services rendered and parts provided for the benefit of S/V ARQUIMEDES, and incurred and is entitled to recover consequential, compensatory, incidental and reliance damages, including, but not limited to, $27,988.88 for the amount due and owing in its Final Invoice (**Exhibit "A"**); *custodia legis* fees, pre and post-judgment interest; and costs.

35. S/V ARQUIMEDES' breach of its contractual agreement with JM YACHT gives rise to a maritime lien against S/V ARQUIMEDES, provides the basis for *in rem* admiralty jurisdiction to enforce its lien, including through the arrest of the vessel to ensure that should JM YACHT prevail in the breach of contract action, it will be able to satisfy its judgment. *See E.A.S. T, Inc. of Stamford, Conn. v. M/V Alaia,* 876 F.2d 1128, 1174 (5th Cir. 1989).

WHEREFORE**,** Plaintiff, JM YACHT, respectfully requests the Court:

a. Issue a warrant for the arrest of Defendant vessel, S/V ARQUIMEDES , citing it and all persons claiming any interest therein to appear and answer under oath the matters aforesaid;

b. Order that JM YACHT has a maritime lien upon the S/V ARQUIMEDES for S/V ARQUIMEDES' breach of a maritime contract and that such lien is superior to the interest, liens and/or claims of any and all persons, firms or corporations whatsoever;

c. Enter judgment for JM YACHT and against Defendant vessel, S/V ARQUIMEDES *in rem,* for consequential, compensatory, expectancy, resulting, incidental and

reliance damages, including, but not limited to $27,988.88 for the amount due and owing in the **Exhibit "A"**; *custodia legis* fees, pre and post-judgment interest; and costs;

  d. Order that S/V ARQUIMEDES be condemned and sold to pay said judgment and all other such sums owed;

  e. Order that JM YACHT be permitted to bid its judgment against the S/V ARQUIMEDES at a U.S. Marshal's sale; and

  f. Grant such other relief as deemed just and proper under the circumstances.

Dated this 29th day of February, 2016.

        Respectfully submitted,

        **JANSSEN & SIRACUSA, P.A.**
        *Counsel for JM Yacht, Inc.*
        120 S. Olive Avenue, Suite 504
        West Palm Beach, FL 33401
        Tel.: (561) 420-0583
        Fax: (561) 420-0576
        Email: jjanssen@jasilaw.com
        Email: jsiracusa@jasilaw.com

        By: ***s/ Joseph W. Janssen, III***
         Joseph W. Janssen, III
         Florida Bar No. 160067
         John M. Siracusa
         Florida Bar No. 159670

## JM YACHT VERIFICATION

I verify under penalty of perjury of the laws of the United States of America, that I am an authorized representative of Plaintiff corporation, JM YACHT, and as such have the authority to execute this Verification; and I have read the foregoing Verified Complaint and know the contents thereof and the same are true and correct of my own knowledge, except as to the matters therein stated upon information and belief, and as to those matters, I believe them to be true and correct.

Dated this 29th day of February, 2016.

_____
Jorge M. Martinez, President
JM Yacht Service